FILED

11/01/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0465

DA 15-0465

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 279N

IN THE MATTER OF:

S. L.,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DI 09-42B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad M. Wright, Chief Appellate Defender, James Reavis, Assistant
            Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
            Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney, Eric N. Kitzmiller, Deputy
            County Attorney, Bozeman, Montana

                      Submitted on Briefs:  October 5, 2016

                              Decided:  November 1, 2016

Filed:

                                       Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     S.L. appeals from an Order of the Montana Eighteenth Judicial District Court, Gallatin County, committing her to the Montana State Hospital (MSH) for a period not to exceed three months. We affirm.

¶3     S.L. has a history of mental illness. She was previously involuntarily committed to MSH for treatment in 2009 and 2014 and was treated at Hope House in Bozeman, Montana, in 2011 and 2013. In June 2015, the State, relying on a mental health professional's report, filed a petition to commit S.L. to MSH for further treatment. The District Court appointed counsel for S.L. and scheduled an initial hearing at which S.L. appeared with counsel. The court read the petition aloud and advised S.L. of her rights. The petition expressly stated, "[t]here is no person known or believed to be legally responsible for the care, support and maintenance of [S.L.]." Additionally, the petition noted that neither S.L.'s next of kin nor a person willing and able to be appointed as "friend of the respondent" was known at that time. While stating she wished to "contest the petition" (presumably objecting to a finding of probable cause), S.L. presented no evidence nor did she comment or suggest a person who could be appointed as a "friend." At the close of the hearing, the District Court concluded that probable cause existed and

scheduled a commitment hearing. In its scheduling order, the court put "N/A" where it would have put the name of a friend of respondent.

¶4 After allowing S.L. time to obtain a second opinion, the court conducted the commitment hearing on July 6, 2015, at which three mental health professionals testified that S.L. suffered from schizoaffective disorder, possibly bipolar type. The District Court granted the State's petition and committed S.L. to MSH for not more than 90 days. S.L. appeals.

¶5 In S.L.'s opening brief on appeal, she asserts that the District Court violated her due process rights by arbitrarily determining that "a friend for S.L. was 'N/A' or 'not applicable.'" In her reply brief on appeal, S.L. shifts her argument, claiming that the District Court failed to give her notice of her statutory right to a friend. S.L. acknowledges that she did not raise these claims to the District Court, but urges us to review the issue under the plain error doctrine.

¶6 First, we decline to presume the meaning of the District Court's reference to "N/A." While this acronym could mean "not applicable," it could also mean "not available" which, in this context, would be consistent with the State's inability, and S.L.'s failure, to identify a person to act as "friend." Other cases have used "N.A." to mean "not available." *See, e.g. Smith v. Concannon*, 938 F.2d 966, 969 n.3 (9th Cir. Or. 1991). However, while we acknowledge that the court's reference to "N/A" is ambiguous and urge the use of more precise language, we conclude it does not change our analysis or ruling.

¶7 The statutes governing the treatment of seriously mentally ill persons are set forth at Title 53, chapter 21, part 1, MCA. Section 53-21-114, MCA, provides that a person being involuntarily detained under part 1, must be informed of her constitutional and statutory rights. Sections 53-21-115 to -118, MCA, set forth the procedural and specific statutory rights to which a respondent is entitled. Section 53-21-121, MCA, identifies the required contents of a petition for commitment. Specifically, § 53-21-121(2)(d)-(f), MCA, requires the county attorney to include in a commitment petition the names and addresses of persons known or believed to be legally responsible for the respondent's care, the name and address of respondent's next of kin, and the names and addresses of "any person whom the county attorney believes might be willing and able to be appointed as friend of respondent." Section 53-21-122, MCA, addresses the judge's responsibility in reviewing the petition at the initial hearing and again mandates that the respondent be advised of her constitutional and statutory rights. As it pertains to the requirement for a "friend of respondent," § 53-21-122(2)(b), MCA, provides, in relevant part: "If the court finds that an appropriate person is willing and able to perform the functions of a friend of respondent . . . and the respondent personally or through counsel consents, the court shall appoint the person as the friend of respondent."

¶8 First, and as conceded by S.L. in her reply brief, the applicable statutes do not impose an obligation on the court or the State to investigate and/or locate an appropriate person willing and able to perform the duties of a friend of respondent. Second, § 53-21-122(2)(b), MCA, requires an appropriate and willing person to be identified and available before the district court is obligated to appoint a "friend." Prior to 2009,

4

respondents had a statutory right to the appointment of a "friend." Following the 2009 amendment, such an appointment became conditional and discretionary.

¶9 In the case before us, the court had been advised in the petition that no person was known or available to be a "friend" at the time the petition was prepared. Furthermore, as noted above, the court read the petition aloud during the initial hearing at which both S.L. and her counsel were present. Neither S.L. nor her attorney objected to the failure to appoint a friend nor did either suggest the need for, or the identity of, a friend. Moreover, and in accordance with §§ 53-21-114 and -122(2)(a), MCA, the court verbally advised, and provided to S.L. a written copy of the procedural and statutory rights expressly granted in Title 53, chapter 21, part 1, MCA. For these reasons, we conclude S.L. had adequate notice that the District Court could appoint a "friend" to assist during the proceeding.

¶10 We review a district court's order of commitment to determine if the findings of fact are clearly erroneous and if the conclusions of law are correct. *In re Mental Health of L.K.-S.*, 2011 MT 21, ¶ 14, 359 Mont. 191, 247 P.3d 1100. When a commitment case presents due process issues, our review is plenary. *In re M.K.S.*, 2015 MT 146, ¶ 10, 379 Mont. 293, 350 P.3d 27. This Court will exercise plain error review in those limited situations where constitutional or substantial rights are at issue and where failure to review the error may "result in a manifest miscarriage of justice or may compromise the integrity of the judicial process." *In re C.R.*, 2012 MT 258, ¶ 26, 367 Mont. 1, 289 P.3d 125.

¶11 We decline to exercise plain error review as S.L. has failed to establish that a miscarriage of justice or a compromise of the integrity of the judicial process occurred as a result of the court's failure to appoint a "friend." *C.R.*, ¶ 26.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of the Court, the District Court's interpretation and application of the law are correct, its findings of fact are not clearly erroneous, and it did not abuse its discretion.

## CONCLUSION

¶13 For the foregoing reasons, we affirm the District Court's grant of the State's petition.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE